UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEL PRADO MALL PROFESSIONAL
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.       Case No:   2:20-cv-838-JLB-NPM

VOYAGER INDEMNITY INSURANCE
COMPANY,

    Defendant.

## ORDER

This is an insurance dispute between Plaintiff Del Prado Mall Professional Condominium Association, Inc. ("Del Prado") and its insurer, Defendant Voyager Indemnity Insurance Company ("Voyager"). Del Prado alleges that its property suffered covered damages under the Policy, but Voyager either denied or underpaid the coverage. (Doc. 14 ¶¶ 9, 14, 18.) As a result, Del Prado brings claims for breach of contract (Count I) and "declaratory relief/judgment" (Count II). (Id. at 4, 5.) Voyager moves to dismiss Count II, arguing that it does not state a claim and is otherwise duplicative of Count I. (Doc. 15); Fed. R. Civ. P. 12(b)(6). Del Prado responds that an actual controversy exists between the parties, and that Voyager's redundancy argument is inappropriate for a Rule 12(b)(6) motion. (Doc. 19 at 3–4.) The Court agrees with Voyager.[1]

---

[1] A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, the complaint "does not require 'detailed factual allegations,' but it

Declaratory relief may be improper when there is an adequate remedy at law. Sibley v. Lando, 437 F.3d 1067, 1073–74 (11th Cir. 2005) (citing Bolin v. Story, 225 F.3d 1234, 1242–43 (11th Cir. 2000)); see also Cady & Cady Studios, Inc. v. State Farm Fire & Cas. Co., 320 F. Supp. 3d 1283, 1284 (N.D. Fla. 2018). Such relief is ultimately discretionary because even though Federal Rule of Civil Procedure 57 "specifically provides that the existence of another adequate remedy does not preclude a judgment for declaratory relief . . . a court in the exercise of [its] discretion . . . may properly refuse declaratory relief if the alternative remedy is better or more effective." Angora Enters., Inc. v. Condo. Ass'n of Lakeside Vill., 796 F.2d 384, 387–88 (11th Cir. 1986) (per curiam, quotation and citation omitted).

Here, Count II of the Amended Complaint directly incorporates Del Prado's breach-of-contract allegations. (Doc. 14 ¶ 26 (incorporating ¶¶ 9, 18).) Moreover, Del Prado states that it "has a justiciable question as to the existence of the fact that it suffered damage on December 18, 2018." (Doc. 19 at 3.) But Count II does not raise any ambiguity or issue that Count I cannot address. Waterford Condo. Ass'n of Collier Cnty. v. Empire Indem. Ins. Co., No. 2:19-cv-81-FtM-38UAM, 2019 WL 5084138, at *2 (M.D. Fla. Mar. 18, 2019). In fact, Count II seeks declaratory relief "in such a manner as to require Defendant to pay the claims made by Plaintiff"—the same exact relief Count I seeks. (Doc. 14 ¶ 28.) Lastly, Del Prado's argument that the Court should not dismiss an otherwise valid declaratory

---

demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

judgment claim in the context of a Rule 12(b)(6) motion, for redundancy, is unpersuasive.  See generally Brown v. Vivint Solar, Inc., No. 8:18-cv-2838-T-24 JSS, 2020 WL 1332010, at *7–8 (M.D. Fla. Mar. 23, 2020) (explaining that, in insurance cases, courts have discretion not to exercise jurisdiction over duplicative requests for declaratory relief that are not purely retrospective and therefore not "meaningful or necessary").

The power to render a declaratory judgment is discretionary and, for these reasons, the Court will not exercise that discretion here.  Accordingly, Voyager's motion to dismiss (Doc. 15) is **GRANTED**.  Del Prado must file an amended complaint omitting Count II **on or before May 6, 2021**.

**ORDERED** at Fort Myers, Florida, on April 22, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE